### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

United States of America,

                Plaintiff,

                              Crim. No. 14-105 (RHK/FLN)
                              **ORDER**

v.

Ali Omer Ahmed,

                Defendant.

---

      This matter is before the Court on the Government's Objections (Doc. No. 48) to Magistrate Judge Noel's Report and Recommendation (R&R) (Doc. No. 45), which recommended that Defendant's Motion to Suppress (Doc. No. 24) be granted.  In particular, the R&R recommended suppressing statements and admissions Defendant made during two interviews with law enforcement, the first occurring on September 6, 2013, and the second occurring on November 13, 2013.  It is undisputed that no Miranda warnings were given before the interviews, and it is also undisputed the interviews were "interrogations" for Miranda purposes.  Suppression is required, therefore, if either of the interviews occurred while Defendant was "in custody."  See, e.g., United States v. Diaz, 736 F.3d 1143, 1148 (8th Cir. 2013).  Defendant argued in his Motion, and the Magistrate Judge found in the R&R, that both interviews took place while Defendant was in

custody.[1] Although the undersigned agrees with and adopts the Magistrate Judge's fact-finding, having reviewed the Motion, the R&R, and the Objections thereto *de novo*, see 28 U.S.C. § 636, the undersigned respectfully disagrees with the Magistrate Judge's conclusions that Defendant was in custody during the interviews.

As for September 6, it is undisputed that law-enforcement agents informed Defendant from the outset the interview was voluntary. Although this proviso was not precisely translated into Defendant's native language, it is undisputed Defendant was informed that "[y]ou coming here and helping us out with these questions here, if you want to leave you [are] free to leave." In the undersigned's view, this clearly establishes Defendant was informed his presence was voluntary.[2] This was reiterated later in the interview, when the agents asked Defendant to sign a written statement but informed him that he "doesn't have to sign [it] if he doesn't want to," which was translated as, "If you don't want to sign this you don't have to. We are not going to force you and you coming here is voluntary, you are not obligated, you are here voluntarily."

Though certain aspects of the interview may well have been coercive (including Defendant's placement away from the door of the interview room and the agents lying to

---

[1] "The ultimate question in determining whether a person is in 'custody' for purposes of Miranda is 'whether there is a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest.'" United States v. Czichray, 378 F.3d 822, 826 (8th Cir. 2004) (quoting California v. Beheler, 463 U.S. 1121, 1125 (1983)).

[2] While it also appears clear to the undersigned that Defendant understood the voluntary nature of the interview, ultimately his understanding is irrelevant. Stansbury v. California, 511 U.S. 318, 323 (1994) ("[T]he initial determination of custody depends on the objective circumstances of the interrogation, not on the subjective views harbored by either the interrogating officers or the person being questioned."); Berkemer v. McCarty, 468 U.S. 420, 442 (1984) (noting that the "only relevant inquiry" in answering the question is whether a *reasonable person* in defendant's position would have understood he was free to leave).

him during questioning), the "most obvious and effective means of demonstrating that a suspect has not been taken into custody is an express advisement that the suspect is not under arrest and that his participation in questioning is voluntary." United States v. Elzahabi, 557 F.3d 879, 883 (8th Cir. 2009) (internal quotation marks and citation omitted); accord, e.g., United States v. Brave Heart, 397 F.3d 1035, 1039-40 (8th Cir. 2005). Indeed, although courts consider several factors when deciding whether a suspect is in custody, being informed repeatedly of the voluntariness of an interview essentially tips the scales all the way in favor of the government. United States v. Czichray, 378 F.3d 822, 826 (8th Cir. 2004) ("[A]bundant advice of freedom to terminate the encounter should not be treated merely as one equal factor in a multi-factor balancing test designed to discern whether a reasonable person would have understood himself to be in custody."). Stated differently:

> That a person is told repeatedly that he is free to terminate an interview is powerful evidence that a reasonable person would have understood that he was free to terminate the interview. So powerful, indeed, that no governing precedent of the Supreme Court or this court, or any case from another court of appeals that can be located [], holds that a person was in custody after being clearly advised of his freedom to leave or terminate questioning.

Id. Accordingly, the undersigned concludes Defendant was not in custody during the September 6 interview and suppression is not required.

As for the November 13 interview, it is undisputed the agents questioned Defendant in his home, where he voluntarily waved the agents inside after greeting them at the door. Id. ("When a person is questioned 'on his own turf,' we have observed repeatedly that the surroundings are not indicative of the type of inherently coercive

setting that normally accompanies a custodial interrogation.") (internal quotation marks and citation omitted); United States v. Axsom, 289 F.3d 496, 502 (8th Cir. 2002) ("When a suspect is interrogated in the comfort and familiarity of his home, a court is less likely to find the circumstances custodial."). Defendant remained free to move around his home during the interview and in fact did so. Only two agents were present and the interview lasted only 45 minutes, and Defendant's wife was present the entire time. Under the circumstances, the undersigned concludes Defendant was not in custody during the November 13 interview. See, e.g., United States v. Wolk, 337 F.3d 997, 1006-07 (8th Cir. 2003) (defendant not in custody during 80-minute interview by three officers at his residence, where he was free to move about); Axsom, 289 F.3d at 500-03.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED**:

1. The R&R (Doc. No. 45) is **ADOPTED IN PART**, specifically as to its fact-finding, and **REJECTED IN PART**, specifically as to its legal conclusions;

2. The Government's Objections (Doc. No. 48) to the R&R are **SUSTAINED**; and

3. Defendant's Motion to Suppress (Doc. No. 24) is **DENIED**.


Dated: October 9, 2014               s/Richard H. Kyle
                                     RICHARD H. KYLE
                                     United States District Judge